# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**AMERICAN GENERAL LIFE AND**
**ACCIDENT INSURANCE COMPANY,**

    Plaintiff,

vs.                                              Case No. 4:12cv502-MW/CAS

**DENISE R. BROWN,**
**MELINDA MOORE, NANCY ENGLISH,**
**JAMES MERRITT, JAMES REAMS,**
**and GAIL ANDREWS,**

    Defendants.

_____/

## AMENDED REPORT AND RECOMMENDATION

The report and recommendation, doc. 28, previously entered has been vacated to consider objections, doc. 31, filed by Defendants Denise R. Brown and James Michael Reams (hereinafter Brown and Reams). Doc. 34. That Order directed Brown and Reams to file a proper Answer by May 10, 2013, doc. 34, and they have complied, docs. 38-39, although the pleading was improperly docketed as a Response instead of an Answer. Defendants Brown and Reams were permitted to file a response, if desired, addressing Plaintiff's motion for entry of final decree of interpleader, doc. 22, and the supporting memorandum of law, doc. 23. No response to that motion was filed. Therefore, as no Defendant has opposed Plaintiff's motion for entry of final decree of

interpleader, doc. 22, that motion should be granted. Plaintiff has shown entitlement to the remedy provided in FED. R. CIV. P. 22 and 28 U.S.C. § 1335 as the amount of money at issue exceeds $500 and the money was previously deposited into the Court's registry. Doc. 23 at 1. Plaintiff's unopposed motion, doc. 22, should be granted and Plaintiff discharged from any further liability to the claimants.

In the prior report and recommendation, it was recommended that the proceeds be divided among three of the four beneficiaries because the record did not demonstrate a dispute between rival claimants. Doc. 29. Based upon the Answers now filed, docs. 38-39, there is a dispute in this litigation that must be decided. It is appropriate to provide a period of discovery so that the parties may gather documents and witness affidavits concerning the state of mind of the decedent and his competency to change the designated beneficiaries on the insurance policy at issue. A scheduling order will be entered separately to guide the parties in the discovery phase of litigation.

The only remaining issue is consideration of whether Defendants Brown and Reams have shown good cause to set aside default. The objections to the report and recommendation, doc. 31, explained that counsel for Defendants Brown and Reams counsel accepted service on behalf of Brown and Reams, but "failed to calendar a Response due date for this matter." Doc. 31 at 1. It was asserted that due to "oversight, a Response on behalf of Denise R. Brown and James Michael Reams was not filed." *Id.* at 2. While counsel provided a general explanation of oversight, attached to the objection was an email communication purportedly from Brown to counsel dated February 11, 2013. Doc. 31 at 5. That communication should have provided some impetus to counsel to have checked on this proceeding and immediately file a response

and motion to accept the response as having been timely filed. Yet two more months passed before any action was taken in this case, coming on the heels of entry of the report and recommendation.[1] Counsel for Defendants Brown and Reams was directed "to demonstrate good cause for the failure to respond to the complaint after the February 2013 contact with his client concerning this matter." Doc. 34. A response was filed, but failed to address the time period between February and April when no action was taken in this case. Notwithstanding, defaults are generally disfavored and justice is better served when controversies are decided on the merits rather than on procedural failures. This case should continue with Defendants Brown and Reams, who are represented by counsel, and pro se Defendants Moore, English, and Merritt. No response to this action has been received at all from Defendant Gail Andrews. Defendant Gail Andrews, a/k/a Gail Eppler, waived service on December 14, 2012, doc. 14-1, but has not plead or otherwise defended in this matter. It is recommended that the Clerk of Court be directed to enter a default judgment against Defendant Gail Andrews.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Motion for Entry of Final Decree of Interpleader, doc. 22, be **GRANTED** and Plaintiff **DISCHARGED** of and from any and all liability arising out of insurance policy number 891355153 issued under the life of James Floyd Reams, and that all Defendants in this

---

[1] As noted in the report and recommendation, no motion for default or default judgement was ever filed and the Clerk was never requested to enter a default on the docket. See doc. 28 at 9. Although the Clerk did not enter a default, several court orders found that Defendants were in default as defined by FED. R. CIV. P. 55.

case be perpetually **RESTRAINED AND ENJOINED** from instituting or prosecuting any proceedings against Plaintiff which in any way relates to the insurance policy. It is further **RECOMMENDED** that **DEFAULT JUDGMENT** be entered against **Defendant Gail Andrews** and the case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 13, 2013.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**